IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CARL P. DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13CV537-MEF |
| | ) | |
| PHENIX CITY POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on August 1, 2013, the District Judge has referred this case to the undersigned for action or recommendation on all pretrial matters.  (Doc. # 3).  Plaintiff Carl P. Dennis, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2).  Upon consideration of the motion, it is

ORDERED that the motion is GRANTED.

However, upon review of the complaint, the court concludes that dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate.[1]  Accordingly, it is further

ORDERED that formal service of the summons and complaint is STAYED.

However, because this recommendation for dismissal rests in part on affirmative

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

defenses that the defendants may choose to waive, it is further ORDERED that the Clerk is DIRECTED to provide copies of the complaint and this recommendation by first class mail addressed to: (1) defendants Phenix City Police Department, Smith, Thomas, and Campbell at the address given by plaintiff in the complaint; (2) defendant Boswell at the Circuit Clerk's Office, Judicial Center, 501 14th Street, Phenix City, AL 36867; and (3) defendant State of Alabama at Office of the Alabama Attorney General, 501 Washington Avenue, Montgomery, AL 36130.[2]

Plaintiff brings this action against the Phenix City Police Department, the State of Alabama, Raymond Smith (Chief of Police), Sergeants Thomas and Campbell, and Dennis Boswell (Circuit Court Clerk).[3] (Complaint, ¶ 2). He alleges violations of his constitutional rights arising from his arrest at the intersection of U.S. Highway 280 and 22nd Avenue at approximately 2100 hours on April 3, 2011. (Id., ¶¶ 3-5). Plaintiff alleges that he: (1) was arrested and taken into custody; (2) was not told that he would be taken into custody for "over 10 plus" hours; (3) invoked his Miranda rights; (4) was urged to "cut a deal"; and (5) was "never given notice and a real chance to present [his] side in such legal dispute[.]" (Complaint, ¶ 5). He claims a violation of his due process, equal protection, self-

---

[2] Plaintiff has provided the court with the address of the police department only. The court will not order formal service at this time, and defendants have no obligation to respond to the complaint. However, any defendant who wishes to waive affirmative defenses may so notify the court, in writing, during the period for objections.

[3] Plaintiff sues Thomas, Campbell and Boswell each "in his capacity." (Doc. # 1, ¶ 2). For purposes of this recommendation, the court assumes that plaintiff means to sue each such defendant in his or her individual and official capacities.

incrimination, and <u>Miranda</u> rights.  (<u>Id</u>.).  He seeks an award of compensatory and punitive damages against the defendants in the amount of twenty-two million dollars, an injunction ordering the police to "lay off," expungement of his arrest record and such additional relief as the court deems just and proper.  (<u>Id</u>., ¶ 6).

Plaintiff's claims are due to be dismissed for the following reasons:

(1)  <u>Eleventh Amendment Immunity</u>.  Plaintiff's claims against the State of Alabama are barred by the Eleventh Amendment.  Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by citizens of the state.  <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890).  The Eleventh Amendment bars suits directly against "the State or one of its agencies or departments . . . regardless of the nature of the relief sought."  <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100-101 (1984).  The State of Alabama has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases.  <u>Cross v. State of Alabama</u>, 49 F.3d 1490, 1502 (11th Cir. 1995); <u>Carr v. City of Florence</u>, 916 F.2d 1521, 1524 (11th Cir. 1990); <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989); <u>Alabama Constitution of 1901</u>, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").  Plaintiff's claims against the State of Alabama and his official-capacity claims against Boswell,[4] are due to be dismissed without prejudice as barred by the Eleventh Amendment.

---

[4]  The allegations of the complaint do not suggest that Boswell is the appropriate official for purposes of any prospective injunctive relief plaintiff seeks so as to implicate the <u>Ex parte Young</u> exception to the Eleventh Amendment bar.

2. <u>Statute of Limitations.</u>  "In the context of an IFP frivolity determination under 28 U.S.C. § 1915, '[t]he expiration of the statute of limitations is an affirmative defense, the existence of which warrants a dismissal as frivolous.'"  <u>Walker v. U.S.</u>, 196 Fed. Appx. 774 (11th Cir. 2006)(quoting <u>Clark v. State of Georgia Pardons and Paroles Bd.</u>, 915 F.2d 636, 640 n. 2 (11th Cir. 1990)); <u>see also</u> <u>Hughes v. Lott</u>, 350 F.3d 1157, 1163 (11th Cir. 2003)(appropriate to dismiss complaint pursuant to 28 U.S.C. § 1915 as time-barred where no basis for tolling is identified by plaintiff or discernable from the record); <u>Simon v. Georgia</u>, 2008 WL 2405871 (11th Cir. Jun 16, 2008)(finding no abuse of discretion in district court's dismissal of pro se claim as frivolous, on statute of limitations grounds).  In Alabama, the statute of limitations for 42 U.S.C. § 1983 claims is two years.  <u>See</u> <u>Jones v. Preuit & Mauldin</u>, 876 F.2d 1480, 1483 (11th Cir. 1989)("After <u>Owens [v. Okure</u>, 488 U.S. 235 (1989)], the two-year limitations period of <u>Ala. Code</u> § 6-2-38(l) applies to section 1983 actions in Alabama.").

Under federal law, a claim accrues when a plaintiff either knows or should know that he has sustained an injury.  <u>Lovett v. Ray</u>, 327 F.3d 1181, 1182 (11th Cir. 2003);  <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987);  <u>Bowling v. Founders Title Co.</u>, 773 F.2d 1175, 1178 (11th Cir. 1985).   The constitutional injury giving rise to plaintiff's claims occurred on April 3, 2011 (<u>see</u> Complaint, ¶ 4); no allegation in the complaint suggests any reason that plaintiff should not have known he had sustained the alleged injury at the time of his arrest and detention, or that equitable tolling is appropriate.  Plaintiff commenced the

present action on July 26, 2013, more than two years after his § 1983 claims accrued. His claims are, therefore, barred by the statute of limitations.

3. <u>Failure to state a claim</u>. In assessing whether a complaint states a claim for relief, the court does not consider "allegations ... that are merely legal conclusions." <u>American Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010)(citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Instead, the court considers only the allegations of *fact* to determine whether the complaint includes "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Randall v. Scott</u>, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted); <u>see</u> <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 555-56 (2007). The complaint must contain allegations of fact adequate to "nudge[] the[] claim across the line from conceivable to plausible." <u>Id</u>. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (quoting Rule 8(a)(2))(second alteration in <u>Iqbal</u>).

Plaintiff's complaint alleges no basis for § 1983 liability against the Phenix City Police Department or the official-capacity defendants for the alleged constitutional violations; such liability may not rest on *respondeat superior*. <u>See</u> <u>Nettles v. City of Leesburg – Police Department</u>, 415 Fed. Appx. 116, 122 (11th Cir. 2010)(unpublished opinion)(observing that a municipality cannot be held liable under § 1983 "for injuries

5

caused solely by its employees" and affirming dismissal of § 1983 claim where complaint failed to "allege sufficient 'factual content that allows the court to draw the reasonable inference' that the City of Leesburg Police Department is liable for any misconduct under § 1983")(citation omitted); <u>Skop v. City of Atlanta, GA</u>, 485 F.3d 1130, 1145 (11th Cir. 2007)(a municipality cannot be found liable under § 1983 "on a vicarious liability theory."); <u>see also</u> <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003)(supervisory officials may not be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability).

Additionally, plaintiff's allegations are almost entirely conclusory.  He does not describe the conduct of any particular defendant, and fails to allege what each defendant did to cause the alleged constitutional deprivations.  He includes no facts permitting a reasonable inference that any individual defendant engaged in any conduct sufficient to give rise to his or her personal liability to the plaintiff.[5]  Accordingly, plaintiff's complaint fails to state a claim for relief as to any defendant.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B): (1) plaintiff's claims against the State of Alabama and Boswell in his official capacity be DISMISSED without prejudice as barred by the Eleventh Amendment; and (2) plaintiff's remaining claims be DISMISSED with prejudice as barred by the statute of limitations.

---

[5] The court's conclusion that the complaint fails to state a claim as to the individual-capacity defendants does not rest on any heightened pleading requirement.

In the event the District Judge declines to adopt the above recommendation for dismissal in full based on Eleventh Amendment immunity and the statute of limitations, the Magistrate Judge further recommends that plaintiff's claims be DISMISSED without prejudice for failure to state a claim, and that this matter be referred back to the undersigned Magistrate Judge for further proceedings, including entry of an order permitting amendment.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy of the recommendation on the plaintiff.  The parties may file any objections to this Recommendation **on or before August 29, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 15th day of August, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

7